BURR v. BRANTLEY.

1. A DEMURRER to a complaint for not stating facts sufficient, &c., cannot be sustained in favor of one defendant unless it is good as to all of the defendants, nor where the complaint states *any* cause of action.

2. CLAIM AND DELIVERY—DESCRIPTION—CASE CRITICISED.—A complaint for claim and delivery for four loads of corn, amounting to about forty bushels and worth $40, and four or five hundred pounds of fodder worth $4 or $5, the proper goods of plaintiff taken by defendants from plaintiff's premises, describes the property as fully as such property can be described, and is,

therefore, a sufficient identification. This case distinguished from Lockhart v. Little, 30 S. C., 326.

3. IBID.—IBID.—REMEDY.—The question of definiteness in the description of goods sued for cannot be raised by demurrer. Motion to require the allegations of the complaint to be made more definite is the proper remedy.

4. IBID.—DAMAGES—CASE CRITICISED.—Under demurrer to a complaint for claim and delivery which alleged the forcible taking and carrying away by defendants, under execution, of plaintiff's goods exempt from levy and sale under the homestead laws, the action may be treated as one for damages. This case distinguished from Oliver v. White, 18 S. C., 235, and that case explained.

Before GARY, J., Chesterfield, February, 1893.

This was an action by Anthony Burr against W. P. Brantley and others, commenced October 3, 1888, and tried before Ernest Gary, Esq., judge-elect of the Fifth Circuit, holding the courts of the Fourth Circuit by special appointment.

*Mr. E. J. Kennedy*, for appellant.

*Messrs. Prince & Stevenson*, contra.

March 12, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The only question raised by this appeal is whether the Circuit Judge erred in sustaining a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. To determine this question, it will first be necessary to ascertain what are the allegations contained in the complaint. These allegations may be stated, substantially, as follows:

1st. That on the 20th of September, 1888, "the defendants, William P. Brantley and Jesse B. Buchanan, unlawfully and violently and with force entered upon the premises of this plaintiff, and gathered from his fields, and took from the plaintiff's possession, four wagon loads of corn, amounting to about forty bushels, and reasonably worth about forty dollars; and also took at the same time about four hundred or five hundred pounds of fodder from the possession of this plaintiff, reason-

ably worth four or five dollars, all of which are the proper goods and chattels of this plaintiff." 2d. That said property is now in the possession of the above named defendants, and they refuse to return the same to plaintiff. 3d. That the defendants claim to have seized said property under an execution issued by a trial justice to enforce a judgment obtained by the two Buchanans against the plaintiff before said trial justice. 4th. That defendant Brantley claims to be acting as constable, and has advertised said property for sale. 5th. That plaintiff is the head of a family, residing in this State, and is entitled to have said property exempt from levy and sale under the homestead law. 6th. That plaintiff has made formal demand on the defendants to have said property set apart to him as exempt under said law from levy and sale. 7th. That defendants have refused to comply with said demand. 8th. That plaintiff does not own more than one hundred and fifty dollars worth of personal property, including the property seized by defendants. 9th. That said property was not seized for taxes, nor for any obligations contracted in the production thereof. 10th. That defendant Brantley resides beyond the limits of the State, and is hopelessly insolvent. 11th. That plaintiff is informed and believes that the other two defendants have no property beyond the amount exempted by law from levy and sale. The prayer of the complaint was for injunction, for a return of said property, for one hundred dollars damages, and for general relief.

The demurrer being interposed by the defendants jointly, cannot be sustained unless it is good as to all of the defendants, even though it might have been good as to one of them if interposed by him alone. *Lowry* v. *Jackson*, 27 S. C., 318. So, also, if the facts stated in the complaint are sufficient to constitute *any* cause of action, the demurrer cannot be sustained, even though such facts may not be sufficient to sustain the particular cause of action upon which the complaint may seem to be based. *Sewing Machine Company* v. *Wray*, 28 S. C., 86. So that the inquiry here is, whether the facts stated in the complaint, which are all admitted by the demurrer to be true, are sufficient to constitute *any* cause of action against any one or more of the defendants.

It is contended by counsel for respondents that this is an action of claim and delivery of personal property, and as such, it cannot be sustained, because the property claimed is not sufficiently identified, and he relies upon the case of Lockhart v. Little, 30 S. C., 326, to sustain his contention. In that case the complaint is not set out, and all that we know of it is what is stated in the opinion of the court, prepared by Mr. Chief Justice Simpson. He said: "The action was technically an action of claim and delivery of personal property, and the complaint alleged wrongful detention of the property in general terms, without a special and particular description thereof; for instance, it was described as 'one lot of seed cotton, about six thousand pounds, twelve stacks of fodder, one load of corn, about fifteen bushels, of the total value of two hundred and fifty dollars,' and the plaintiff demanded judgment for the recovery of said property," and for damages. The court held that the property sued for was not sufficiently identified in the complaint to sustain an action of claim and delivery, and, therefore, sustained the demurrer, based on the ground that the complaint did not state facts sufficient to constitute a cause of action of that kind. In that case, however, the late Chief Justice plainly intimated that if the property in question had been further identified by its location, the complaint might have been sustained.

It is further to be observed that, so far as appears, the property there in question was not alleged to have been *taken* from the possession of the plaintiff by the defendant, but "the complaint alleged wrongful *detention*" of the property sued for. So that there are at least two distinctions between the case of Lockhart v. Little, supra, and the present case. In the former there was no allegation that the property sued for was *taken* out of the possession of the plaintiff by the defendant, and such property was not identified by its location, while here it is distinctly alleged that two of the defendants, with force, entered upon the premises of the plaintiff and gathered from his fields the corn and fodder sued for, thus taken from the possession of the plaintiff, and retained the same in their possession. We do not think, therefore, that the case of Lockhart v. Little

can be regarded as decisive of this case. Indeed, if the allegations of this complaint are not sufficient, then it is somewhat difficult to conceive what practical remedy a farmer would have if his premises are invaded by an insolvent constable, accompanied by an insolvent creditor, and his corn and fodder, which have no specific ear-marks, and which are exempt from seizure and sale, under the homestead law, carried off and retained in the possession of the persons so taking them.

While, therefore, it may be true that in order to sustain an action of this kind, the complaint should contain some description of the property claimed, yet the law does not require impossibilities, and where the property sued for is described as well as its nature admits of, that is all that should be required. The fact that the sheriff or other officer when he goes to retake the property, under proper proceedings in a case of this kind, may find some difficulty in identifying the property which he is ordered to restore to the possession of the plaintiff, yet as such difficulty may prove to be fanciful rather than real, that circumstance ought not to deprive the plaintiff of his right to judgment. If the difficulty shall prove insurmountable, then that is a misfortune of the plaintiff which he suffers in common with many other plaintiffs, who find themselves unable to enforce judgments rightfully obtained, because of inability to find property of their debtors.

There is also another view of this matter not touched upon in the case of *Lockhart* v. *Little, supra*, which seems to be pertinent to the present inquiry. It may well be questioned whether it is not now too late for the defendants to raise any question as to any want of definiteness in the description of the property sued for, after admitting, by their demurrer, all of the allegations of the complaint, which involve the admission that they took, by force, the identical property sued for, from the possession of the plaintiff, and still retain the same in their possession. The cases of *Kimpton* v. *Nelson*, referred to in 11 Bac. Abr., title Replevin, H; *Bourn* v. *Mattaire*, 2 Strange, 1015, and *Banks* v. *Angell*, 34 E. C. L. Rep., 241, seem to show that, after avowry, the defendant is precluded from claiming that the description of the property is insuffi-

cient, for he has thus admitted the taking and retention of the identical property sued for. And in the case of *Kimpton* v. *Nelson, supra,* Parker, C. J., in delivering the opinion of the court, said : "As to the difficulty of delivering the goods upon a *returno habendo,* there is no weight in that objection, for the sheriff, when he came to make a return, might have the defendant's assistance to show him which were the goods, and he was not obliged to execute the writ without somebody to point out the things he was to deliver." We do not see why this doctrine should not apply to this case. If the defendants regarded the allegations as too indefinite and imperfect, their remedy was by a motion to require the plaintiff to make his allegations more definite (*Childers* v. *Verner,* 12 S. C., 5), and not having done so, and on the contrary having, by their demurrer, admitted the taking and retention of the identical property sued for, they cannot raise the question of identity.

Under this view of the case, the other questions, as to whether the case could not be regarded as an action for damages, and as such sustainable, need not, necessarily, be considered.

4 But we may say that we see no insuperable difficulty in the way of taking that view. *Williams* v. *Irby,* 15 S. C., 458. Looking at the complaint in the light of this view, the allegations substantially amount to this: That two of the defendants by force entered the premises of the plaintiff and took and carried away certain personal property of the plaintiff, exempt by law from seizure and sale under the execution under which defendants claimed to make the seizure. If these facts are not sufficient to constitute a cause of action for the trespass thus alleged, it is somewhat difficult to conceive what would be sufficient. Whether the other two defendants would be liable, as well as the constable, need not now be considered, for, as we have seen above, if the demurrer is not good as to all of the defendants, it cannot be sustained as to any. The case of *Oliver* v. *White,* 18 S. C., 235, cited by respondent to show that a sheriff is not liable to damages for merely levying on property claimed to be exempt under the homestead law, is not in point, for the reason that it does not appear that the sheriff *removed* the property levied on, and as the homestead

act expressly forbids not merely the selling, but, also, the re-moving of such property, it is probable that if such fact had appeared, no such proposition would have been announced; and, in fact, the decision did not rest upon that proposition, as the fact that the levy was made under a tax execution, was quite sufficient to protect the sheriff.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.